UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARYBELLE CLINE AND | : | |
| JAMES CLINE, | : | |
| | : | CASE NO:   2:17-cv-221 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT H. EDWARDS, M.D., et al., | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

1. Under 42 U.S.C. § 233(c), the United States of America is removing to this Court a civil action originally filed by Plaintiffs Marybelle Cline and James Cline in the Court of Common Pleas, Jefferson County, Ohio. Plaintiffs' Complaint is attached at Exhibit 1.

2. Under the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g), the Department of Health and Human Services, effective on July 14, 2014, deemed Change, Inc. to be an employee of the Public Health Service, and its deemed status has continued without interruption since that date.

3. Defendants Robert H. Edwards, M.D., was deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a) at the time of the alleged incident out of which Plaintiffs' action arose.

4. Under 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4, the United States Attorney for the Southern District of Ohio has certified that Robert H. Edwards, M.D., was acting

within the scope of his employment as an employee of Change, Inc. at the time of the alleged incident out of which Marybelle Cline and James Cline's action arose. *See* United States Attorney's Certification of Scope of Employment (attached as Exhibit 2).

5. Congress has stated that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States . . . ." 42 U.S.C. § 233(c). Plaintiffs' Complaint has been removed properly to this Court under 42 U.S.C. § 233(c).

6. Under 42 U.S.C. § 233(a), the remedy against the United States provided by sections 1346(b) and 2672 of title 28 is exclusive of any other civil action. Under 28 U.S.C. § 1346(b), commonly referred to as the Federal Tort Claims Act (FTCA), federal district courts are vested with exclusive jurisdiction. *See* 28 U.S.C. § 1346(b).

7. Prior to this removal, the Court of Common Pleas, Jefferson County, Ohio, entered a default judgment against the Defendants. Following removal and substitution, the United States will move to set aside the default judgment and to dismiss the Complaint because Plaintiffs have failed to exhaust their administrative remedies under the FTCA.

8. A copy of this Notice of Removal will be filed promptly with the Clerk of the Court of Common Pleas, Jefferson County, Ohio, which will effect the removal. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/John J. Stark
JOHN J. STARK (0076231)
Assistant United States Attorney
Attorney for Defendants
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5240
E-mail: John.Stark@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2017, the foregoing Notice of Removal was filed by use of the Court's CM/ECF system, and I certify that on the same date a copy of the foregoing was sent by first class mail to the following:

Richard A. Abrams, Esq.
Green, Haines, Sgambati Co., L.P.A.
100 Federal Plaza East, Suite 800
P.O. Box 849
Youngstown, OH 44501-0849

Nicholas Amato, Esq.
991 Main Street
Wellsville, OH 43968

                                                      s/John J. Stark
                                                      JOHN J. STARK (0076231)
                                                      Assistant United States Attorney